## HARTMAN v. ENGLER.

No. 2344.

Court of Civil Appeals of Texas. Waco.

July 17, 1941.

Louis Wilson, of Dallas, for appellant.

Warren S. Cook, of Dallas, for appellee.

HALE, Justice.

Appellee instituted this suit in the County Court at Law No. 2 of Dallas county on an itemized, sworn account, alleging that appellant was justly indebted to him in the sum of $225.37 for labor performed under a verbal contract of hire. The case was tried before the court without a jury and resulted in a judgment of $100 for plaintiff.

Appellant asserts that the judgment should be reversed because she says the preponderance of the evidence showed that she agreed verbally to pay appellee $25 to do the carpenter work and painting necessary to effect certain repairs on her sleeping porch and that she fully discharged such obligation.

Since the transcript does not contain any findings of fact and conclusions of law, we must assume that the court below found all disputed issues in support of the judgment appealed from. We have carefully reviewed the record, and it reflects that each of the parties testified unequivocably in support of their respective contentions. It would serve no useful purpose for us to elaborate on the widely conflicting testimony thus adduced. In our opinion the pleadings and evidence were sufficient to sustain a recovery in favor of appellee for any amount ranging from nothing up to the maximum sued for, depending solely upon the trial court's exclusive judgment as to the credibility of the witnesses and the weight to be given to their testimony.

Appellant further contends that her motion for new trial on the ground of newly discovered evidence should have been granted. On the hearing of her motion, she produced two witnesses who testified at length under direct and cross-examination concerning their alleged knowledge of the disputed issues in the case. However, we can not say that appellant showed due diligence in connection with such motion, or that the newly discovered evidence would require the rendition of any different judgment from that which was rendered. Therefore, in the absence of any showing of an abuse of the sound discretion which the law vests in the trial court under these circumstances, we must overrule this contention.

Finding no reversible error in the case, the judgment appealed from is affirmed.